UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS ex rel. JULIO ESCOBAR and CARMEN CORREA, ADMINISTRATRIX OF THE ESTATE OF YARUSHKA RIVERA,<br><br>　　　　Relators-Plaintiffs,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES, INC., UHS OF DELAWARE, INC., and HRI CLINICS, INC.,<br><br>　　　　Defendants. | C.A. No. 11-CV-11170-DPW<br><br>*Oral Argument Requested* |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and D. Mass Local Rule 56.1, Defendants Universal Health Services, Inc. ("UHS"), UHS of Delaware, Inc. ("UHS-DE"), and HRI Clinics, Inc. ("HRI") (collectively, "Defendants") move for summary judgment on each of the remaining claims in Relators' Sixth Amended Complaint ("6th AC") [ECF No. 212] and the Commonwealth of Massachusetts' Complaint in Intervention ("CII") [ECF No. 157].[1]  There is no genuine dispute of material fact on essential elements of Plaintiffs' claims, and the Court should grant summary judgment to Defendants.  As set forth more fully in the accompanying Memorandum in Support of Defendants' Motion for Summary Judgment and Statement of Undisputed Material Facts:

---

[1] The remaining claims are Counts I and II of the 6th AC and Counts I, III and IV of the CII.  The Commonwealth's additional claims originally asserted in the CII (Counts II (reverse false claims) and V (unjust enrichment)) were dismissed by this Court on July 24, 2017.  *See* ECF No. 182; *see also*, Comm.'s Suppl. Int. Resps. (attached as Ex. 7 to the Declaration of Laura McLane in Support of Defendants' Motion for Summary Judgment), Resp. No. 14.  At no time were they revived.

1.      Plaintiffs cannot prove that claims submitted by the satellite behavioral health program at issue here, Arbour Lawrence, were false, as required under False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), the Massachusetts False Claims Act, Mass. Gen. Laws ch. 12, §§ 5A *et seq.* ("MFCA"), and the Massachusetts Medicaid False Claims Act, Mass. Gen. Laws ch. 118E, §§ 40, 44 ("MMFCA").  Plaintiffs predicate their claims on alleged violations of ambiguous and conflicting regulatory standards concerning supervision in the behavioral health context. Defendants interpreted the regulatory morass in an objectively reasonably manner.  Indeed, the "correct" interpretation of the regulations is the subject of much dispute between and among the expert and fact witnesses in this case on both sides, but discovery has made it clear that the standard to which Plaintiffs are trying to hold Arbour Lawrence did not exist in the relevant regulations and payor guidance.  This is a legal dispute that precludes a finding of falsity as a matter of law, and on which summary judgment should be granted.

2.      Even if Plaintiffs could establish that "false" claims were submitted, Plaintiffs cannot prove the essential element of materiality under the FCA, MCFA, and MMFCA, where no timely payment action was taken by any payor of MassHealth benefits with respect to claims submitted by Arbour Lawrence, despite full knowledge of the purported regulatory violations. Instead, those payors continued to pay Arbour Lawrence's claims for years after Relators' numerous complaints to a variety of different Commonwealth agencies, most of whom conducted their own investigations.  Defendants are also entitled to summary judgment for the independent reason that there is no evidence that Arbour Lawrence knew, when submitting claims for payment, that compliance with the regulations at issue was material to the payment decisions of the government payors.  *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct.

1989, 2002-03 (2016) ("*Escobar III*") (requiring proof of both materiality and a defendant's knowledge of materiality).

3.  The ambiguous and inconsistent regulatory framework also entitles Defendants to summary judgment on the issue of scienter. When it submitted claims to MassHealth payors between 2005 and 2011 (the relevant time period at issue in this case), there is no evidence that Arbour Lawrence recklessly, much less knowingly, violated the relevant regulations. Indeed, where it was faced with an array of varying regulations and payor guidance, Arbour applied the guidance in an objectively reasonable manner. At the very least, it was not objectively unreasonable, and summary judgment is appropriate.

4.  The other theories Plaintiffs allege in their complaints fail for additional reasons. The undisputed facts demonstrate that (a) Advanced Practice Nurses were supervised by qualified doctors; (b) Plaintiffs' claim that certain clinicians had to be supervised by a psychologist is wrong, and those clinicians were properly supervised; and (c) Arbour Lawrence was not required to have its own Medical Director. Instead, only the Arbour system was required to have one, which it did.

5.  The Commonwealth's Overpayment claim (Count IV) must be dismissed because there were no overpayments here, for the reasons discussed above.

6.  Finally, all claims against UHS and UHS-DE should be dismissed because it is undisputed that neither UHS nor UHS-DE (a) submitted claims to payors; or (b) had any role in the process for submitting claims to payors.

Accordingly, and as set forth in the accompanying filings, Defendants respectfully request that this Court grant summary judgment to the Defendants on each of the remaining claims in the 6th AC and the CII.

Dated: May 15, 2019                                    Respectfully submitted,

                                                               UNIVERSAL HEALTH SERVICES, INC., UHS OF DELAWARE INC., AND HRI CLINICS, INC.

By their attorneys,

/s/ Laura McLane
Mark W. Pearlstein (BBO #542064)
Laura McLane (BBO #644573)
Katrina C. Rogachevsky (BBO # 691373)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
Tel:  (617) 535-4000
Fax:  (617) 535-3800
mpearlstein@mwe.com
lmclane@mwe.com
krogachevsky@mwe.com

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request that this Court grant oral argument on the subject matter of this Motion, as they believe that oral argument will assist the Court in resolving this matter.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that I contacted counsel for Relators and the Commonwealth by e-mail on May 14, 2019 in an attempt in good faith to resolve or narrow the issues presented by this motion, and was unable to resolve or narrow such issues.

Dated: May 15, 2019                                    /s/ Laura McLane
                                                                                  Laura McLane

## **CERTIFICATE OF SERVICE**

    I, Laura McLane, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on this 15th day of May, 2019.

Dated:  May 15, 2019                                                                       /s/ Laura McLane
                                                                                           Laura McLane